UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM HNATKO,

                              Plaintiff

    vs.                                             Civil No.: 5:10-CV-991
                                                            (NAM/ATB)

THE LANGSTON CORPORATION,
SUN AUTOMATION GROUP,
BARRY-WEHMILLER COMPANIES, INC.,
LANGSTON21 LLC,
DUFRENE MACHINERY, INC. and
XYZ CORPORATION, a Fictitious Name, True Name
Unknown, Party Intended Being the Manufacturer of and/or
Successor in Interest to the Business Entity(ies) Which
Manufactured Certain Industrial Safety Devices, Including
Devices Described Herein,

                              Defendants
--------------------------------------------------------------------------------------

SUN AUTOMATION INC., Incorrectly Sued as
SUN AUTOMATION GROUP,

                            Third-Party Plaintiff

    vs.

SOUTHERN CONTAINER CORPORATION and
ROCKTENN COMPANY,

                            Third-Party Defendants
_____

**APPEARANCES:**                                    **OF COUNSEL:**

LYNN LAW FIRM, LLP                         Patricia A. Lynn-Ford, Esq.
*Attorneys for Plaintiff*
101 South Salina Street, Suite 802
Syracuse, New York  13202-4983

LAW OFFICE OF THERESA J. PULEO        Michael G. Donnelly, Esq.
*Attorneys for Defendant*
SUN AUTOMATION GROUP
441 South Salina Street
Galleries of Syracuse Box 364, 2nd Floor
Syracuse, New York  13202

CHELUS, HERDZIK, SPEYER & MONTE, P.C.   Michael M. Chelus, Esq.
*Attorneys for Third-Party Defendants*
Rocktenn-southern Container, LLC and Rock-tenn Company
(Improperly Sued as"Southern Container Corporation and
Rocktenn Company")
Main Court Building
438 Main Street, Tenth Floor
Buffalo, New York  14202

**Norman A. Mordue, U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

The present diversity action is one sounding in negligence and products liability. The case arose when plaintiff William Hnatko was injured while working as a machine operator at third-party defendant Southern Container's[1] facility in Camillus, New York. Specifically, plaintiff alleges that when he attempted to clear a jam in the vicinity of the unguarded drive side of a machine known as the Flexo Folder Gluer and the counter-ejector conveyor, his hair became entangled in a rotating upper horizontal shaft causing an extensive degloving injury to his head and scalp. Third-party defendants Rock-Tenn assert that plaintiff's claim must be dismissed as against them on the ground that plaintiff was employed by Rock-Tenn and injured in his capacity as a Rock-Tenn employee at the time of the incident referenced in the complaint. Consequently, Rock-Tenn argues that workers' compensation insurance is plaintiff's exclusive remedy against it for any work-related injuries. Plaintiff's counsel has submitted an affidavit in reply to Rock-Tenn's motion stating that "plaintiff submits no opposition to the requested relief." Instead, plaintiff merely requests that if Court grants the motion, it do so without prejudice in order that

---

[1] Third-party defendants, Rocktenn-Southern Container, L.L.C. and Rock-Tenn Company (collectively "Rock-Tenn") assert they were sued improperly as "Southern Container Corporation" and "RockTenn Company."

plaintiff may seek leave to reassert claims against Rock-Tenn should evidence in support thereof be developed during discovery.

**II.     DISCUSSION**

A.     Applicable Standard of Review

In addressing defendants' motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true all factual allegations in the amended complaint and draws all inferences from those allegations in the light most favorable to plaintiffs. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *McEvoy v. Spencer*, 124 F.3d 92, 95 (2d Cir. 1997). Dismissal is proper only where "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *accord Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994).

Local Rule 7.1 (b) (3) states:

> Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

This Court has previously held that "[a]n inquiry into whether a movant has met its 'burden to demonstrate entitlement' to dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested motion to dismiss." *Jones v. Central New York Psychiatric Center*, 2008 WL 731047 (N.D.N.Y. March 18, 2008) (citations omitted). "Specifically, under such an analysis, the movant's burden of persuasion is lightened such that, in order to succeed, his motion need only be 'facially meritorious.'" *Id.* (citations omitted).

B.     Defendant Rock-Tenn's Motion

-3-

"In New York, recovery for accidental injuries arising out of and in the course of employment, including injuries caused by an employer's negligence, is governed by the Workers' Compensation Law." *Arroyo v. WestLB Admin., Inc*., 54 F.Supp.2d 224, 232 (S.D.N.Y. 1999), *aff'd*, 213 F.3d 625 (2d Cir. 2000) (citing *O'Brien v. King World Prods*., Inc., 669 F.Supp. 639, 641 (S.D.N.Y. 1987) and *Persaud v. S. Axelrod Co.*, 1996 WL 11197, at *5 (S.D.N.Y. Jan.10, 1996).  To the extent that a plaintiff may recover for his injuries under the Workers' Compensation Law, this law becomes the plaintiff's exclusive remedy against his employer.  *See* N.Y. Work. Comp. Law § 11.  Exceptions to the exclusive remedy provision of the Workers' Compensation law are limited to circumstances in which the employer failed to secure workers' compensation insurance or intentionally injured the employee.  *See Garibaldi v. Anixter, Inc*., 492 F. Supp.2d 290, 292 (W.D.N.Y. 2007) (citing *Hill v. Delta Int'l Mach. Corp*., 386 F.Supp.2d 427, 432 (S.D.N.Y. 2005) (balance of citations omitted)).

Here, plaintiff asserts in the complaint that at the time of his injury, on October 5, 2007, he was working as an employee of Southern Container Corporation, now known as RockTenn Company.  There are no allegations in the complaint that plaintiff did not receive workers' compensation payments for his injury or that his employer failed to secure such coverage. Further, plaintiff does not allege that his injuries were caused by any intentional act on the part of his employer.  Indeed, his claims sound exclusively in negligence as against Southern Container Corporation.

Third-party defendants Rock-Tenn have submitted an affidavit from John Stakel, the Vice-President and Treasurer of Rock-Tenn Company in which he avers that RockTenn Southern Container, L.L.C. (formerly Southern Container Corporation) was purchased by Rock-Tenn

Company on March 5, 2008. At the time of the incident alleged in plaintiff's complaint, Stakel states that Rock-Tenn Southern Container., L.L.C. had procured a policy of workers compensation and employer's liability insurance coverage through Sentry Insurance Company. Moreover, Stakel avers that plaintiff has received benefits pursuant to said policy as a result of the injuries he sustained on October 5, 2007. Thus, Rock-Tenn asserts that they are entitled to dismissal of plaintiff's complaint on the basis of plaintiff's exclusive remedy against them via New York's Workers' Compensation Law.

Upon review of the papers submitted by Rock-Tenn herein in support of its motion and upon plaintiff's failure to oppose said motion together with application of the appropriate law herein, the Court finds that third-party defendants Rock-Tenn have met their 'burden to demonstrate entitlement' to dismissal.

### III. CONCLUSION

Based on the foregoing it is hereby

ORDERED that the motion to dismiss (Dkt. #47) filed by third-party defendants Rocktenn-Southern Container, L.L.C. and Rock-Tenn Company is GRANTED without prejudice with no objection or opposition from plaintiff.

IT IS SO ORDERED.

Dated: May 2, 2012
         Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge